# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DEBORAH KOSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-mc-9009-NKL |
| ) | |
| SOCIAL SECURITY ADMINISTRATION, ) | |
| OFFICE OF THE INSPECTOR GENERAL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

Before the Court are the Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978 [Doc. # 1] and the Motion for Default Judgment [Doc. # 7] filed by Plaintiff Deborah Koss. For the following reasons, the Court denies both motions.

On April 14, 2011, Plaintiff Deborah Koss moved this Court, pursuant to Section 1110 of the Right to Financial Privacy Act of 1978, 12 U.S.C. § 3410, for an order preventing the government from obtaining access to her financial records. Plaintiff's motion stated that the Office of the Inspector General of the Social Security Administration ("SSA") sought access to her financial records held by US Bank. Plaintiff attached to her motion a sworn statement explaining why the financial records sought by Defendant SSA were not relevant to a legitimate law enforcement inquiry:

> A Payoff amount for this matter was received on/or about 4/15/2010 and a corresponding tender was made, accepted & discharged by law (UCC 3-603)

> on/or about 5/13/2010. Since that time NO Notice and Evidence of Dishonor has been given as required by law (UCC 3-503, 505) concerning this matter/debt to warrant the seizure of property. . . .
>
> A Superior Priority Security Interest has been Perfected in the State of Missouri & District of Columbia on these Accounts making these Accounts Private & Exempt from Levy and a seizure would violate Possessory Lien Rights.

[Doc. # 1 at 2.]

Pursuant to 12 U.S.C. § 3410, on April 20, 2011, the Court ordered Defendant SSA to file a sworn response within fourteen days. The Court stated that the response could be filed *in camera* if it included the reasons which would make *in camera* review appropriate. *See* 12 U.S.C. § 3410(b). Defendant SSA complied with this order by delivering a courtesy copy of its response to chambers on May 2, 2011. That response was filed on ECF, under seal, on May 4, 2011, along with a sealed affidavit in support of Defendant's opposition to Plaintiff's motion.

On May 10, 2011, Plaintiff also filed a Motion for Default Judgment, alleging that Defendant SSA violated the Court's April 20 order by filing its response in an untimely manner. That motion is denied because the response was timely filed.

With respect to Plaintiff's Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978, that statute provides as follows, under the title "Decision of court":

> If the court finds that the applicant is not the customer to whom the financial records sought by the Government authority pertain, or that there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry, it shall deny the motion or application, and, in the case of an administrative summons or court order other than a search warrant, order such process enforced. If the court finds that the applicant is the customer to whom the records sought by the Government authority pertain, and that there is not a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry, or that there has not been substantial compliance with the provisions of this chapter, it shall order the process quashed or shall enjoin the Government authority's formal written request.

12 U.S.C. § 3410(c).

After considering Plaintiff's documentation, as well as the response filed under seal by Defendant SSA, the Court finds that there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and that the records sought are relevant to that inquiry. Therefore, the Court must deny the motion.

Accordingly, it is hereby ORDERED that the Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978 [Doc. # 1] and the Motion for Default Judgment [Doc. # 7] filed by Plaintiff Deborah Koss are DENIED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: May 23, 2011
Jefferson City, Missouri